Luis HERNÁNDEZ, demandante y apelante, *v.* José R. QUIÑONES, demandado y apelado.

No. 3736.—*Visto:* Noviembre 2, 1925.　*Resuelto:* Noviembre 9, 1925.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—PREPARACIÓN, RADICACIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RADICAR EL *Transcript*—COMPUTACIÓN.—Entablada apelación contra sentencia dictada sobre las alegaciones, el término para radicar el *transcript* de apelación empieza a correr desde la fecha en que la notificación de la apelación se archiva en el tribunal inferior.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—PREPARACIÓN, RADICACIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RADICAR EL *Transcript*—RADICACIÓN DESPUÉS DE NOTIFICADA MOCIÓN DE DESESTIMACIÓN.—Procede desestimar la apelación una vez transcurrido el término para radicar la transcripción, cuando ésta se radica después de notificada la moción sobre desestimación de apelación.

3. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—PREPARACIÓN, RADICACIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RADICAR EL *Transcript*—PRÓRROGAS.—A la corte sentenciadora corresponde la jurisdicción para conceder prórrogas para preparar la transcripción y a la Corte Suprema para radicarla en su secretaría una vez aprobada por la corte inferior.

4. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—PREPARACIÓN, RADICACIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RADICAR EL *Transcript*—PRÓRROGAS.—Una prórroga concedida por el tribunal sentenciador para preparar la exposición del caso, es ineficaz cuando se solicita y concede fuera del término prescrito por la ley.

MOCIÓN sobre desestimación de apelación presentada por el apelado. *Con lugar.*

*Bolívar Pagán,* abogado del apelante; *Chas. Hartzell* y *Rafael Fernández,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 18 de agosto de 1925 la parte apelada presentó una moción, notificada a la parte contraria, solicitando la desestimación del recurso interpuesto el 16 de julio de 1925 contra sentencia dictada el propio día, basándose en que dicha sentencia se dictó sobre las alegaciones y había transcurrido

el término de treinta días sin que se archivara la transcripción en la secretaría de esta corte. El 27 del propio mes de agosto se archivó la transcripción que contiene copias de la demanda, excepción previa, resolución de la excepción, moción solicitando sentencia, notificación de sentencia y escrito de apelación.

Señalada la vista de la moción de desestimación para el 2 de noviembre actual, comparecieron ambas partes. La parte apelante se opuso a la desestimación alegando que no estaba obligada a elevar la transcripción dentro del término de treinta días contado a partir de la interposición del recurso, porque el 28 de julio de 1925 la corte inferior le concedió una prórroga de treinta días "para elevar los referidos autos," y él los elevó dentro de dicha prórroga.

[1] Una vez que el récord de una apelación queda ultimado en la corte inferior, la ley concede treinta días para radicar su transcripción en el Tribunal Supremo. Artículo 299 del Código de Enjuiciamiento Civil según quedó enmendado por la ley de 26 de junio de 1919, p. 675. Leyes de 1919, p. 675, y Regla 40 del Reglamento de la Corte Suprema 17, D.P.R. LXX.

¿Cuándo se considera el récord ultimado? Cuando existe exposición del caso o pliego de excepciones, desde el momento en que se aprueban dichos documentos y entran a formar parte del legajo de la sentencia. Cuando no existen tales documentos, esto es, cuando todo lo que debe incluirse en la transcripción forma parte del legajo de la sentencia en el momento en que la apelación se interpone, el punto de partida para computar el término es la fecha en que la notificación de la apelación se archiva. Esto ha sido repetidamente resuelto por este tribunal.

[2] En el caso sometido a nuestra consideración, es evidente que todos los documentos necesarios formaban parte del legajo de la sentencia cuando la apelación se interpuso. No cabía preparar exposición del caso alguna, ni pliego de excepciones. Siendo ello así, precisa concluir que cuando la

moción de desestimación se notificó al apelante y se archivó en la secretaría de esta corte, la transcripción no había sido radicada y había transcurrido el término de treinta días fijado por la ley.

[3] ¿Se prorrogó dicho término? Como hemos consignado, el apelante sostiene que la corte de distrito le "concedió una prórroga de treinta días para elevar los autos." La prórroga concedida por la corte de distrito al apelante lo fué el 29 de julio de 1925 en los siguientes términos:

"La corte concede al demandante una prórroga de 30 días para la radicación de la exposición del caso a los efectos de la apelación interpuesta."

No tiene, pues, la actuación de la corte sentenciadora el alcance que le atribuye el apelante. La corte concedió treinta días para preparar ante ella la exposición del caso, pero la corte no concedió prórroga alguna para elevar los autos. Si la hubiera concedido habría resultado ineficaz, pues es la Corte Suprema la que tiene la jurisdicción para conceder tales prórrogas.

[4] Claro está que si éste hubiera sido un caso en el que hubiera procedido preparar una exposición, hubiera quedado virtualmente suspendido el término de treinta días para elevar la transcripción, ya que no hubiera comenzado a correr hasta que la exposición hubiera sido aprobada. Pero ya hemos dicho que éste no es un caso en el que exista exposición que preparar. La prórroga fué baldía.

Además siempre resultaría, como sostiene el apelado, que dicha prórroga solicitada el 28 de julio lo fué después de vencidos los diez días que señala el párrafo primero del citado artículo 299 del Código de Enjuiciamiento Civil, enmendado en 1919, (p. 675) y, por tanto, que carecía de valor de acuerdo también con la repetida jurisprudencia de esta corte.

[2] Todo milita en contra del apelante. Ni siquiera es aplicable en su favor la regla 58 de las de esta corte, pues si bien a la vista de la moción ya estaba la transcripción ar-

chivada, no lo estaba con anterioridad a la notificación de la moción de desestimación.

*Debe desestimarse el recurso.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.