Rafael Bermúdez, demandante y apelante, *v.* Rafael A. Veve y The Hanover Fire Insurance Co., demandados y apelados.

Núm. 8840.—*Sometido:* Noviembre 29, 1943. *Resuelto:* Diciembre 3, 1943.

*Antonio J. Matta* y *Fernando Ruiz Suria,* abogados del apelante; *Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados de los apelados.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los demandados apelados solicitan la desestimación del recurso interpuesto por el demandante contra la sentencia sobre las alegaciones dictada por la Corte de Distrito de San Juan el 29 de junio de 1943.

Del récord ante nos aparece que el escrito de apelación fué radicado y notificado a los demandados el 28 de julio de 1943; que el apelante solicitó y obtuvo de la Corte de Distrito de San Juan dos prórrogas de treinta días cada una para radicar en esta Corte Suprema la transcripción de autos, habiendo expirado la última de dichas prórrogas el día 26 de octubre de 1943, sin que el apelante solicitara una nueva prórroga; que la moción de desestimación que estamos considerando fué radicada el día 2 de noviembre de 1943; y que la transcripción de autos fué radicada en la secretaría de esta corte el 23 de noviembre, 1943, o sea 21 días después de haberse notificado y radicado la moción de desestimación.

El artículo 299 del Código de Enjuiciamiento Civil y la Regla 40 del Reglamento de este Tribunal conceden al apelante un término de treinta días, desde que el récord queda ultimado en la corte inferior, para radicar su transcripción en el Tribunal Supremo.

La cuestión sobre cuándo debe considerarse que un récord ha quedado ultimado, fué sometida a este tribunal en *Hernández* v. *Quiñones,* 34 D.P.R. 720, resolviéndose (*a*) que cuando existe exposición del caso o pliego de excepciones, el récord se considera ultimado desde el momento en que se aprueban dichos documentos y entran a formar parte del legajo de la sentencia, y (*b*) que "cuando no existen tales documentos, esto es, cuando todo lo que debe incluirse en la transcripción forma parte del legajo de la sentencia en el momento en que la apelación se interpone, el punto de partida para computar el término es la fecha en que la notificación de la apelación se archiva."

De acuerdo con la regla sentada en el citado caso, el término de treinta días fijado por la ley para radicar ante esta Corte la transcripción de autos empezó a correr el día 28 de julio y expiró el día 27 de agosto de 1943. Las prórrogas concedidas por la corte inferior para radicar en la Corte Suprema la transcripción de autos son ineficaces "pues es la Corte Suprema la que tiene la jurisdicción para conceder tales prórrogas", según se resolvió en el citado caso de *Hernández* v. *Quiñones*. De todos modos, aun cuando aceptáramos que la corte inferior tenía jurisdicción para prorrogar el término, el hecho es que la última prórroga por ella concedida expiró el 26 de octubre de 1943 sin que el apelante hubiera radicado la transcripción de los autos.

■ No habiéndose radicado la transcripción con anterioridad a la notificación de la moción de desestimación, no es aplicable la regla 58 de las de esta Corte.

*Debe declararse con lugar la moción y desestimarse por abandono el recurso.*